**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Tina M. Sakkas and Gloria T. Valdez, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.  09 C 6274 |
| Allied Interstate, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiffs, Tina M. Sakkas and Gloria T. Valdez, individually and on behalf of all others similarly situated, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violates the FDCPA, and to recover damages for that violation, and allege:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d), of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiffs reside here; and, c) Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Tina M. Sakkas ("Sakkas"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card.

4. Plaintiff, Gloria T. Valdez ("Valdez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt owed for a Capital One credit card.

5. Defendant, Allied Interstate, Inc. ("Allied"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Allied was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Ms. Sakkas and Ms. Valdez.

6. Defendant Allied is licensed to conduct business in the State of Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

7. Moreover, Defendant Allied is licensed as a collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

**FACTUAL ALLEGATIONS**

8. Defendant Allied sent Ms. Sakkas an initial form collection letter, dated March 24, 2009, demanding payment of a delinquent consumer debt for a Capital One credit card. A copy of this letter is attached as Exhibit C.

9. Defendant Allied sent Ms. Valdez an identical initial form collection letter, dated April 30, 2009, demanding payment of a delinquent consumer debt for a Capital One credit card. A copy of this letter is attached as Exhibit D.

10. These form letters stated, in pertinent part:

\* \* \*

Your account with Capital One Bank (USA) N.A. has been placed with our office for collection with the intention that we obtain payment in full of the balance owing. If you are unable to pay the full balance today it is important that you contact our office so that we may assist you in making alternate payment arrangements. To make payment, and to ensure proper credit to your account, please send your remittance using one of the following payment methods:

\* \* \*

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. The language Defendant Allied used in its form collection letters to Ms. Sakkas and Ms. Valdez is to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g –
### Overshadowing The 30-Day Validation Notice

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

14. Although Defendant Allied's initial form letter contains the 30-day validation notice, this notice was contradicted, or overshadowed, and thus rendered ineffective by other language in the form letter. Specifically, Defendant's letter

3

demanded "If you are unable to pay the full balance today it is important that you contact our office so that we may assist you in making alternate payment arrangements".  This statement would confuse the unsophisticated consumer by creating a false sense of urgency as to whether the consumer must act – today – well before expiration of the 30-day validation period, to either pay the debt or dispute the debt, or whether they have the full 30 days to dispute the validity of the alleged debt. Defendant's form collection letter thus violates § 1692g of the FDCPA.  See, Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); see also, § 1692g(b).

15. Defendant's violations of § 1692g of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

16. Plaintiffs, Tina M. Sakkas and Gloria T. Valdez, bring this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant Allied attempted to collect a delinquent consumer debt allegedly owed for a Capital One credit card, via the same form collection letter Defendant Allied sent to Plaintiffs, dated from one year before the date of this Complaint to the present.  This action seeks a declaration that Defendant Allied's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendant Allied regularly engages in debt collection, using the same form collection letter it sent Plaintiffs Sakkas and Valdez in its attempts to collect delinquent Capital One credit cards from other persons.

18. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiffs Sakkas and Valdez.

19. Plaintiffs Sakkas' and Valdez' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiffs Sakkas and Valdez will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs Sakkas and Valdez have retained

counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiffs, Tina M. Sakkas and Gloria T. Valdez, individually and on behalf of all others similarly situated, pray that this Court:

1. Certify this action as a class action;

2. Appoint Ms. Sakkas and Ms. Valdez as Class Representative of the Class, and their attorneys as Class Counsel;

3. Find that Defendant Allied's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiffs Sakkas and Valdez and the Class, and against Defendant Allied, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Tina M. Sakkas and Gloria T. Valdez, individually and on behalf of all others similarly situated, demand trial by jury.

    Tina M. Sakkas and Gloria T. Valdez,
individually and on behalf of all others
similarly situated,
By: /s/ David J. Philipps
One of Plaintiffs' Attorneys

Dated: October 7, 2009

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465

(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com